# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>JOHN E. HOOVER, III<br><br>Debtor | Chapter 7<br>Case No. 14-40478-MSH |

## ORDER IMPOSING A SANCTION

On June 2, 2014, I issued the following order to show cause in this case:

David G. Baker is ordered to show cause at a hearing to take place on July 8, 2014 at 10:00 A.M. in courtroom 3 of the Donohue Federal Building located at 595 Main Street, Worcester, Massachusetts why he should not be sanctioned for violating Rule 9011(b)(2) of the Federal Rules of Bankruptcy Procedure in the following respects:

1. Claiming in the Debtor's Motion for Sanctions Against Bank of America for Violation of the Automatic Stay [#41] that "where a creditor has notice, continuation of a mortgage foreclosure sale post-petition, without obtaining relief from the automatic stay, is a willful violation," which is not a correct statement of the prevailing legal standard, and citing as authority cases which do not support such claim.

2. In paragraph 12 of the Objection to Motion to Convert or Dismiss Case [#30] filed by the United States trustee, misquoting the definition of cash collateral contained in Bankruptcy Code § 363(a) and misstating the law by claiming that the obligation of a debtor to obtain authority to use cash collateral applies only where the lien on cash is a consensual lien.

Item 1 of the above order arose because on April 14, 2014, Mr. Baker filed on behalf of the debtor in this case a motion for sanctions against Bank of America for alleged violations of the automatic stay provisions of the Bankruptcy Code. One of the alleged stay violations was based on the bank's causing to be made a public announcement postponing a scheduled foreclosure sale of property of the debtor. The debtor filed his chapter 11 petition on March 15, 2014, and the bank's announcement postponing foreclosure occurred on March 19, 2014, after the automatic stay had taken effect. Mr. Baker on behalf of the debtor claimed this amounted to a willful stay violation and sought sanctions and damages against the bank pursuant to Bankruptcy

Code § 363(k).

On June 2, 2014, after a hearing, I denied the debtor's motion. In pertinent part my order provided:

> The Debtor's Motion for Sanctions Against Bank of America for Violations of the Automatic Stay [#41] is DENIED. The post-petition continuance by Bank of America ("BOA") of its foreclosure sale (originally scheduled to take place on March 19, 2014, but stayed as a result of the debtor's March 15, 2014, bankruptcy petition) to a new date of June 18, 2014, followed by its filing a motion for relief from stay on April 18, 2014, seeking to proceed with the sale, is not a violation of the automatic stay. *See Lynn-Weaver v. ABN-AMRO Mortg. Grp., Inc.* (*In re Lynn-Weaver*), 385 B.R. 7, 11 (Bankr. D. Mass. 2008); *In re Heron Pond, LLC*, 258 B.R. 529, 530 (Bankr. D. Mass. 2001); *Hart v. GMAC Mortg. Corp.* (*In re Hart*), 246 B.R. 709, 739-40 (Bankr. D. Mass. 2000). *Chapel v. Derringer* (*In re Derringer*), 375 B.R. 903 (B.A.P. 10th Cir. 2007), cited by the debtor as a basis for the relief sought in his motion, applies to the initial scheduling post-petition of a foreclosure sale as opposed to the post-petition postponement of a previously scheduled sale, and is thus easily distinguishable from the facts here and of no support to the debtor.

Item 2 of the order to show cause can be traced to an April 8, 2014, motion of the United States Trustee for this region (UST) to convert this case to chapter 7 or dismiss it on the basis that, among other things, the debtor had failed to obtain authority to use cash collateral as required in Bankruptcy Code § 363 with respect to cash subject to the tax lien of the Massachusetts Department of Revenue (MDOR). In the debtor's objection to the UST's motion, authored by Mr. Baker, the debtor asserted the position that as a matter of law he did not need authority to use cash collateral because the requirement to obtain such authority set forth in § 363 of the Code applies only to cash subject to consensual security interests not involuntary liens such as tax liens. To support his argument Mr. Baker purported to quote the definition of cash collateral set forth in § 363(a) and based on that definition to reach the conclusion that nonconsensual liens are not included in the definition.

After an evidentiary hearing on the UST's motion which took place on July 30, 2014, I ruled, among other things, that based on a plain reading of the definition of cash collateral in §

2

363(a) and the universally accepted application of that definition, the MDOR did have a lien on cash collateral, subject of course to the debtor's right to attempt to avoid that lien to the extent it was avoidable, and that so long as the lien remained unavoided the debtor was obligated to obtain court authority to use the MDOR's cash collateral.

Mr. Baker's pleadings in the two matters described above were profoundly flawed.  In paragraph 8 of the debtor's motion to sanction Bank of America for violating the automatic stay Mr. Baker states:

> Where a creditor has notice, continuation of a mortgage foreclosure sale postpetition, without obtaining relief from the automatic stay, is a willful violation. *See* In re Lynn-Weaver, 385 BR 7 (Bkrtcy.D.Mass. 2008), *citing* In re Heron Pond, LLC, 258 BR 529 (Bkrtcy.D. Mass. 2001) (both by Hillman, J.); Hart v. GMAC Mortgage Corp., 246 BR 709 (Bkrtcy.D.Mass. 2000) (Feeney, J.).

As indicated in my order denying that motion quoted above, the state of the law in this district is not as represented by Mr. Baker and the cases cited by him stand for the exact opposite of what he claims they stand for. Then in his objection to the UST's motion to convert or dismiss Mr. Baker misquotes the definition of the term "cash collateral" in § 363(a) of the Code by omitting most of the words in the definition. In paragraph 12 of the debtor's objection to the UST's motion Mr. Baker wrote:

> Under §363(a), "cash collateral" means cash or other property "subject to a security interest as provided in section 552(b)…".  In turn, §552(b) defines the relevant security interest as being based on "a security agreement" that the debtor and the allegedly secured party "entered into … before the commencement of the case…". In other words, the lien at issue must be a consensual lien. The Massachusetts Department of Revenue's lien is a statutory lien, not a consensual lien, *see, e.g.,* Matter of Dente/Pender, 60 BR 164 (Bkrtcy.M.D.Fla. 1986).

The complete definition of the term "cash collateral" with Mr. Baker's quoted portion italicized is:

3

> In this section, *"cash collateral" means cash [or other property]*, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties *subject to a security interest as provided in section 552(b)* of this title, whether existing before or after the commencement of a case under this title.

As is apparent, Mr. Baker selectively quoted from the definition in a cut-and-paste fashion in an attempt to redefine the term "cash collateral" to exclude non-consensual liens from the statutory requirement for obtaining authority to use cash collateral.

As a result of Mr. Baker's conduct I *sua sponte* issued the order to show cause. At the hearing on the order to show cause and in his written response, Mr. Baker stated that what he meant to say in paragraph 8 of his motion for sanctions against Bank of America for willful stay violations was that the cases cited by him really stood for the opposite of what he cited them for and that he was merely making a non-frivolous argument for the modification of the law established by those cases. The problem is, Mr. Baker's motion says nothing of the kind. The motion flatly declares that "where a creditor has notice, continuation of a mortgage foreclosure sale post-petition without obtaining relief from the automatic stay, is a willful violation." That is not the state of the law in this district. Furthermore, Mr. Baker's attempt to re-write his motion into one seeking to change accepted practice in this district regarding post-petition postponements of foreclosure sales makes no sense. An attorney seeking to persuade a court to overturn or depart from an unbroken line of case authority does not seek sanctions against a party who follows that line of authority as Bank of America did here. Doing that would give rise to its own set of Rule 9011 violations.

In defense of his mis-defining the term "cash collateral" in his objection to the UST's motion to convert or dismiss, Mr. Baker, in his response to my order to show cause and at the

4

hearing, referred to his out-of-context mis-quoting of Bankruptcy Code § 363(a) as "paraphrasing" by omitting irrelevant words. The dictionary defines "paraphrasing" as (and I am not paraphrasing) "an expression in other words, usually fuller and clearer, of the sense of a written or spoken passage of text, a free rendering." THE SHORTER OXFORD ENGLISH DICTIONARY 2096 (5th ed.). In other words (and here I paraphrase) one can either quote a text or paraphrase it. Mr. Baker purported to quote a statutory definition rather than convey its meaning in his own words. It is precisely that distinction that makes his conduct so dismaying. In his response to my order to show cause Mr. Baker launches into an extensive legal analysis to support interpreting §363(a) to apply to consensual security interests only. Apart from the fact that such an argument is absurd because the statute unambiguously states the opposite, it is, like his argument for changing the law on stay violations, beside the point. Mr. Baker crossed the line separating good faith legal argument from the flagrantly improper and hence Rule 9011-violating kind by quoting out of context part of a statute because quoting the statute in its entirety would have disproven his premise. It's as simple as that.

    This is not Mr. Baker's first brush with Fed. R. Bankr. P. 9011 sanctions. He was sanctioned twice by Judge Hillman of this court in the *Hermosilla* case. In *Hermosilla v. Hermosilla (In re Hermosilla)*, 430 B.R. 13, 25-26 (Bankr. D. Mass. 2010), in granting the plaintiff's motion for summary judgment, Judge Hillman *sua sponte* issued an order to show cause why Mr. Baker should not be sanctioned for filing a pleading that asserted four defenses, all of which lacked a basis in law or fact, including one defense advancing an argument contrary to an express provision of the Bankruptcy Code. Mr. Baker appealed the grant of summary judgment to the U.S. District Court for the District of Massachusetts, raising the same arguments on appeal as those rejected by Judge Hillman. The district court judge, in disposing of Mr.

5

Hermosilla's appeal, granted appellee's request for sanctions, stating that "[i]n the present case, [appellant's] appeal is frivolous *in toto,* as each and every one of the arguments he presents is completely unsupported by fact or law." *Hermosilla v. Hermosilla*, 447 B.R. 661, 669 (D. Mass. 2011). On remand Judge Hillman found that the district court's order awarding fees for a frivolous appeal was directed solely at Mr. Baker's client. Judge Hillman, however, enforced his order to show cause and sanctioned Mr. Baker $9,000 for violating Rule 9011. *Hermosilla v. Hermosilla (In re Hermosilla)*, 450 B.R. 272 (Bankr. D. Mass. 2011), *aff'd*, 2011 WL 6034487 (B.A.P. 1st Cir. Nov. 14, 2011). Judge Hillman noted that his sanctioning of Mr. Baker for violating Rule 9011 in the adversary proceeding had been preceded by his sanctioning Mr. Baker $1,585.70 in Mr. Hermosilla's main case for filing a motion for sanctions that was wholly without merit. *See In re Hermosilla*, 375 B.R. 20 (Bankr. D. Mass. 2007, *aff'd sub nom.*, *Baker v. Kelleher (In re Hermosilla)*, No. 1:07-cv-12243-NMG (D. Mass. Sept. 30, 2008). Additionally, in *Hermosilla* Judge Hillman pointed out that Mr. Baker had previously been sanctioned by Judge Feeney of this court for filing a motion to approve a loan modification and arguing that there was an enforceable agreement despite the fact that the loan modification had not been executed by the mortgagee. *Hermosilla*, 450 B.R. at 305 n. 168 (citing *In re Nancy Paul,* No. 08–11627–JNF, Docket # 310 (Bankr. D. Mass. Jan. 11, 2011)).

In a per curium decision affirming Judge Hillman's sanctioning of Mr. Baker, the United States Bankruptcy Appellate Panel for the First Circuit noted that Mr. Baker in his brief on appeal repeatedly "quotes phrases from the bankruptcy court's decision to argue that the bankruptcy court conceded that each of the defenses has some basis in law. As discussed below, most of these quotations are presented out of context and with key portions of the court's discussion missing." *Hermosilla*, 2011 WL 6034487, at *4. The similarity between Mr. Baker's

6

conduct here and in the *Hermosilla* case is startling.

For the reasons stated above, I find Mr. Baker to have violated Rule 9011 of the Federal Rules of Bankruptcy Procedure with respect to both items in my order to show cause. In light of the nature of the violations and Mr. Baker's history of prior violations, I also find that a sanction is appropriate.

> If, after issuing a show cause order, the court determines that a violation of Bankruptcy Rule 9011 has occurred, "the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated [it] or are responsible for the violation." Fed. R. Bankr.P. 9011(c). The sanction may consist of "directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.* Courts have discretion to tailor sanctions to the particular facts of the case, although the sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *Id.*

*Hermosilla*, 2011 WL 6034487, at *9.

In fashioning a sanction with an appropriate deterrent effect I am compelled to note that the rather hefty monetary sanctions imposed upon Mr. Baker in *Hermosilla* did not achieve their intended goal. His conduct in this case is testimony to that. I will thus impose on Mr. Baker a non-monetary sanction in the hope of effecting a more lasting behavioral modification. Mr. Baker is hereby sanctioned as follows. He shall enroll in and attend in person (not on-line) a one semester, minimum three credit-hour class on legal ethics or professional responsibility in an ABA accredited law school to be completed within 13 months of this order. Upon completion of the course Mr. Baker shall file a certificate of compliance in this case. If a certificate of compliance is not filed by September 30, 2015, further proceedings will be initiated.

Dated: August 6, 2014                                                                By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

8