UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:                                                          )         Chapter 7
                                                                )         Case No. 14-40478-MSH
JOHN E. HOOVER, III                            )
                                                                )
            Debtor                                         )
                                                                )

**ORDER ON MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY FOR RELEIF FROM STAY**

The debtor has objected to the motion for relief from stay of Deutsche Bank National Trust Company filed by Select Portfolio Servicing, Inc., the loan servicer, [#274] (the "Motion") on the grounds that Deutsche Bank lacks standing to bring or cause Select Portfolio to bring the motion because Deutsche Bank does not hold the debtor's note as it did not obtain approval from the bankruptcy court overseeing the original noteholder's bankruptcy for its assignment to Deutsche Bank. Additionally, the debtor argues that Select Portfolio breached its Trial Period Plan (TPP) letter agreement which constitutes a contract pursuant to which Select Portfolio agreed to the terms of a permanent loan modification under the Home Affordable Mortgage Program (HAMP). Deutsche Bank and Select Portfolio disagree, arguing that the note was assigned to Deutsche Bank prior to the original lender's bankruptcy, that in any event Deutsche Bank holds a valid assignment of the mortgage from Mortgage Electronic Registration System, Inc. (MERS) and that the TPP letter was not a contract by which the debtor's mortgage was modified.

In resolving this dispute I am guided by our Circuit Court's prior edicts. A motion for relief from stay is a summary proceeding in which the movant need show merely a "colorable"

1

claim to the property. *Grella v. Salem Five Cent Savings*, 42 F.3d 26, 32-34 (1st Cir. 1994). Furthermore, "a hearing on a motion for relief from stay is not the proper time or place for the determination of many substantive rights." *In re Calorie Express, Co.*, 288 F.3d 22, 35 (1st Cir. 2002).

With those directives in mind, I must overrule the debtor's objection. The assignment of the mortgage from MERS to Deutsche Bank is sufficient to establish the latter's standing to seek stay relief. *In re Danastrong*, 499 B.R. 8 (Bankr. D. Mass. 2013). While the TPP letter may very well constitute a binding commitment by Select Portfolio or Deutsche Bank to offer the debtor a loan modification subject to his complying with the conditions outlined in the letter, it is not, in and of itself, a loan modification agreement. The debtor may have a claim against Select Portfolio or Deutsche Bank for breach of contract in failing to provide him with a permanent loan modification, a claim which Deutsche Bank disputes, but the existence of such a claim or dispute, is not grounds to deny a motion for relief from stay. *See Bosque v. Wells Fargo Bank, N.A.*, 762 F. Supp.2d 342, 352 (D. Mass. 2011). Movant has established a right to stay relief pursuant to Bankruptcy Code §362.

REMAINDER OF PAGE LEFT BLANK

Based on the foregoing, it is hereby ORDERED that Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes, including its successors and assigns, is granted relief from the automatic stay provisions of 11 U.S.C. § 362 for the purpose of exercising its rights under its agreements with the debtor, including foreclosing its mortgage, or accepting a deed in lieu of foreclosure on the property located at 127 Merriam Avenue, Leominster, MA, more particularly described in the Motion, and if necessary bringing eviction proceedings against the debtor(s), all in accordance with applicable state and federal law.

Dated: June 11, 2015

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge